Mahat v. Garland

BIA
Nelson, IJ
A208 160 295

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty-one.

PRESENT:
        ROSEMARY S. POOLER,
        SUSAN L. CARNEY,
        JOSEPH F. BIANCO,
                *Circuit Judges.*

_____

BASANTA MAHAT,
        *Petitioner*,

        v.                                              18-3529
                                                        NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*[1]

_____

FOR PETITIONER:            Stuart Altman, Esq., New York, NY.

FOR RESPONDENT:            Erica B. Miles, Senior Litigation
                           Counsel; Craig A. Newell, Jr.,

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Basanta Mahat, a native and citizen of Nepal, seeks review of a November 5, 2018 decision of the BIA affirming an October 31, 2017 decision of an Immigration Judge ("IJ") denying Mahat's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Basanta Mahat,* No. A 208 160 295 (B.I.A. Nov. 5, 2018), *aff'g* No. A 208 160 295 (Immig. Ct. N.Y. City Oct. 31, 2017). We assume the parties' familiarity with the underlying facts and procedural history to which we refer only as necessary to explain our decision to grant the petition.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, as did the

BIA, we assume Mahat's credibility and address only the agency's conclusion that Mahat could reasonably relocate within Nepal to avoid future persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B)(an asylum application may be denied where applicant may reasonably relocate to another part of home country); *Yan Chen*, 417 F.3d at 271–72.

On review, we remand for clarification or reconsideration of this relocation finding. We first conclude that Mahat sufficiently exhausted his challenge to this finding. *See Ruiz-Martinez v. Mukasey*, 516 F.3d 102, 112 n.7 (2d Cir. 2008) (deeming as exhausted the issues addressed in BIA decisions); *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (allowing for review of a "specific, subsidiary legal argument or an extension of an argument . . . raised directly before the BIA." (internal quotation marks and brackets omitted)).

The IJ's analysis was predicated on the determination that Mahat had not suffered past persecution. Under 8 C.F.R. § 1208.13(b)(3), if an "applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her

3

to relocate." The IJ found that, in light of Mahat's lack of credibility and failure to corroborate his account, Mahat had not demonstrated past persecution and thus he bore the burden of showing that it was unreasonable for him to relocate within Nepal.

The IJ then listed, but did not analyze, the factors for determining reasonableness of relocation as set forth in 8 C.F.R. § 1208.13(b)(3), which include: "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties." While concluding that the country conditions evidence showed that Mahat could safely relocate, the IJ did not discuss specific evidence or make specific findings on this issue. Nor did the IJ's decision make any mention of record evidence of political violence throughout Nepal. *See Passi v. Mukasey*, 535 F.3d 98, 102–03 (2d Cir. 2008) (requiring agency to consider country conditions evidence

4

before finding presumption of persecution rebutted by ability to relocate).

On appeal, the BIA assumed Mahat's credibility . Having done so, it was bound to assume that Mahat was entitled to a presumption of future persecution, in light of his detailed testimony about past persecution that the BIA assumed was credible.  *See* 8 C.F.R. § 1208.13(b)(1) ("An applicant who has been found to have established such past persecution shall also be presumed to have a well-founded fear of persecution[.]").

Yet, despite these assumptions, the BIA did not adequately explain whether it had shifted the burden as required to the Government to rebut the presumption of future persecution and show by "a preponderance of the evidence" that Mahat could safely and reasonably relocate.  *See* 8 C.F.R. § 1208.13(b)(1)(ii).  As to the evidence regarding safe relocation, the BIA did not address any country conditions evidence or make findings regarding conditions in Kathmandu, to where it concluded Mahat could relocate.  *See* *Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir. 2005) ("[W]e require a certain minimum level of analysis from the IJ and

5

BIA opinions denying asylum, and indeed must require such if judicial review is to be meaningful."). Applying *Poradisova*, we conclude that the BIA's decision is inadequate.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court